UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 25, 2006

MEMO TO COUNSEL RE: Steele Software Systems Corp. v. DataQuick Information
Systems, Inc.
Civil No. JFM-05-2017

Dear Counsel:

I have reviewed plaintiff's motion to reconsider final judgment (No. 110) and the memoranda submitted in connection therewith.

The motion is denied. Self-evidently, the motion is untimely under Local Rule 105.10 that requires motions for reconsideration to be filed within ten days after entry of the order "except as otherwise provided in Fed. R. Civ. P. 60." I entered judgment on behalf of DataQuick on January 17, 2006. In order to attempt to come within the terms of Rule 60, plaintiff essentially rehashes arguments it previously made in the guise of asserting that DataQuick procured the arbitration award by surprise, misrepresentation and undue means. However, plaintiff provides absolutely no substantiation for these assertions. To the contrary, it essentially concedes that it could have filed its motion to reconsider within ten days of the entry of my judgment, rather than seven months later, when it states at page 1 of the motion to reconsider that "this Motion arises from further *analysis* of the circumstances underlying the Arbitration Award." The arbitration award was issued July 13, 2005, and any "analysis" of it certainly could have been completed by January 2006. Further, the mere fact that plaintiff has retained new counsel who has engaged in an "analysis" of their own is not a basis for entertaining a motion under Rule 60.

In any event, the motion is entirely without merit. Plaintiff continues to argue that DataQuick was guilty of improper conduct before the arbitrator because prior to the arbitration hearing plaintiff had provided DataQuick with documentary evidence concerning the total number of transactions using DataQuick data between 1997 and 2003. This argument is not new and is not based on any newly discovered evidence. Moreover, even assuming that plaintiff had provided DataQuick with such information prior to the arbitration hearing, DataQuick did not have to rely upon its truth or accuracy. To the contrary, plaintiff's conduct throughout this litigation reflects that it is lacking in credibility.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed

as an order.

                                  Very truly yours,

                                  /s/

                                  J. Frederick Motz
                                  United States District Judge