**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **STEELE SOFTWARE SYSTEMS, CORPORATION** | : |
| | : **CIVIL ACTION NO.: JFM-05-2017** |
| v. | : |
| **DATAQUICK INFORMATION SYSTEMS, INCORPORATED** | : |
| | : |
| v. | : |
| | : |
| **BANK OF AMERICA** Garnishee | : |
| and | : |
| **BRANCH BANKING & TRUST COMPANY, Garnishee** | : |

## MEMORANDUM

This case has been referred to me to preside over garnishment proceedings. Paper No. 60. These proceedings arise from the efforts of DataQuick Information Systems, Inc. ("DataQuick") to collect on a judgment issued in its favor against Steele Software Systems, Corp. ("Steele Software") and its successor corporation, Three S Delaware, Inc. ("Three S"). This Memorandum addresses the outstanding writs of garnishment issued to Branch Banking and Trust Company ("BB&T") and Bank of America ("BOA") with regard to Steele Software and Three S. Paper Nos. 43 - 51.

For the reasons stated herein, I am recommending that, with regard to the writ issued to BB&T as to Steele Software, judgment be entered by Judge Motz on behalf of judgment creditor DataQuick. With regard to both writs served on BOA and the remaining writ of garnishment served on BB&T concerning Three S, further proceedings have been ordered pursuant to this Memorandum.

## PROCEDURAL BACKGROUND

On January 17, 2006, this Court entered judgment for monetary damages as well as injunctive relief against Steele Software. Paper No. 37.  Soon thereafter, in January 2006, Steele Software merged with Three S Delaware, Inc. ("Three S"), with Three S being the surviving corporation.  Paper No. 58, Exs. 2 & 3.  The merger filings state in pertinent part that "Steele Software" no longer exists, but that Three S would be subject to all of the Steele Software debts and obligations.  Paper No. 58, Ex. 4.

On March 15, 2006, Judgment Creditor DataQuick requested, and the Clerk of Court issued, Writs of Garnishment of Property to BB&T and BOA as to Judgment Debtor "Steele Software," and as to "Three S," as the successor of the merger with Steele Software.[1]   Paper Nos. 43-51.

Both BB&T and BOA answered the Writs of Garnishment.  BB&T confessed that it held $6,416.83 belonging to Steele Software, but denied that it owed any money to, or possessed any assets or property, of Three S.  Paper Nos. 54 and 55.

BOA filed a single plea of *nulla bona* and motion to dismiss in response to both writs.  Paper No. 59.  In the caption to its answer, BOA incorrectly identified Steele Software as the plaintiff, and Three S as the defendant, rather than identifying both as judgment debtors.  BOA's answer denied that the bank was indebted to, or that it possessed the property or assets of, the "Defendant/Judgment Debtor."  BOA also sought dismissal of the writs 30 days after the date on which it had filed its answer.  *Id.*

On April 26, 2006, Three S informed the Court that it had filed for bankruptcy.  Paper No. 61. Because a bankruptcy filing would potentially stay these proceedings, I issued an Order directing the parties to set forth the reasons, if any, why the automatic stay should not apply.  Paper No. 62.

---

[1] On April 19, 2006, Judgment Creditor DataQuick filed a Motion to Substitute or Join Three S as the Judgment Debtor.  Paper No. 58.

Before responding to my Order, DataQuick replied to BOA's plea of *nulla bona* and motion to dismiss. Paper No. 65. DataQuick argued that BOA's answer was unresponsive to the writs of garnishment because it was improperly captioned, and therefore failed to specify whether it was responding to the writ pertaining to Steele Software or Three S. DataQuick also argued that BOA should be required to amend its answers to include any additional funds of either entity that had come into its possession since the filing of the original answer. *Id*.

DataQuick then responded to my Order regarding the automatic stay in bankruptcy. Paper No. 66. Although DataQuick's arguments regarding the automatic stay are now moot because the bankruptcy case has been dismissed, Paper No. 69 Ex. 4, DataQuick's response is relevant because it also asserted that both BOA and BB&T should be required to amend their answers to disclose additional assets that had come into their possession since the filing of their answers to the writs of garnishment. DataQuick later asserted that this response served as a reply to BB&T's answers as required by the Maryland garnishment rule. Md. Rule 2-645(g), Paper No. 68.

Because the bankruptcy proceedings have concluded, and the automatic stay has been lifted, the following issues are now before me for resolution:

- Whether BOA's Plea of *Nulla Bona* and Motion to Dismiss is an adequate answer to the writs of garnishment regarding Steele Software and Three S;

- Whether BOA's Motion to Dismiss should be granted;

- Whether BOA should be required to amend its Answer to include additional indebtedness to, or property or assets received from Steele Software or Three S since its receipt of the original writs of garnishment and the filing of its answer thereto; and

- Whether BB&T should be required to amend its Answers to disclose additional indebtedness to,

3

or property or assets received from Steele Software or Three S since its receipt of the original writs of garnishment and the filing of its answers thereto.

## GARNISHMENT PROCEDURE

A garnishment is a "a means of enforcing a judgment which allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee." *Harbor Bank of Maryland v. Hanlon Park Condominium Assoc.*, 153 Md. App. 54, 58, 834 A.2d 993, 995 (2003)(Internal quotation marks omitted). "The sole purpose of the garnishment proceeding therefore is to determine whether the garnishee had any funds, property, or credits which belong to the judgment debtor." *Parkville Federal Savings Bank v. Maryland National Bank*, 343 Md. 412, 419, 681 A.2d 521, 524 (1996)(*quoting Fico, Inc. v. Ghinger*, 287 Md. 150, 411 A.2d 430 (1980)). Although filed and docketed as part of the underlying action, a garnishment is a separate civil action between the judgment creditor and the garnishee. *Mayor and City Council of Baltimore v. Utica Mutual Ins. Co. et al.*, 145 Md. App. 256, 802 A.2d 1070, 1083 (2002).

Maryland's garnishment procedures are found in Maryland Rule 2-645. Under that rule, upon receipt of a properly served writ of garnishment, the garnishee has 30 days in which to admit or deny that it is indebted to the judgment debtor, or that it possesses assets or property of the judgment debtor. Md. Rule 2-645(e). If the judgment creditor does not reply to the garnishee's answer within 30 days, Rule 2-645(g) states that "the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding." Md. Rule 2-645(g). In *Flat Iron Mac Associates v. Foley*, the Maryland Court of Special Appeals observed that "the word 'shall' in a statute is presumed mandatory on the parties, denoting an imperative obligation inconsistent with the exercise of discretion." 90 Md. App. 281, 298,

600 A.2d 1156, 1164 (1991).  Accordingly, "compliance with the time periods established in the statute is a condition precedent to maintaining an action." *Id*.

If the judgment creditor contests the garnishee's answer, then the case proceeds as a mini-civil action between the judgment creditor and garnishee.  Md. Rule 2-645(g).  In that situation, the judgment creditor's reply serves as a complaint against the garnishee, and the case progresses as a civil proceeding, with the burden of proof placed on the judgment creditor to demonstrate the liability of the garnishee. *See Consolidated Construction Svcs. v. Simpson*, 372 Md. 434, 447, 813 A.2d 260, 268 (2002).  *See also* Paul V. Niemeyer and Linda M. Schuett, Maryland Rules Commentary at 571 (3d ed. 2003).

Once served, a writ of garnishment creates a lien against any property of the judgment debtor in the possession of the garnishee in favor of the judgment creditor.  *Harbor Bank*, 153 Md. App. at 58, 834 A.2d at 995.  When a garnishee is served with a writ of garnishment, it therefore is required to hold all such property until judgment is entered, including any property of the judgment debtor received after service of the writ of garnishment, but before judgment is entered.  *Parkville Federal Savings Bank,* 343 Md. at 419, 681 A.2d at 524 (Citations omitted).  If the garnishee admits that it holds the assets or property of the judgment debtor, it is not required to amend its answer to disclose any increase in its indebtedness or receipt of additional property.  Md. Rule 2-645(e).  However, the final judgment entered against the garnishee would necessarily include such an amount.  Md. Rule 2-645(j).

The procedural posture differs if a garnishee denies owing money to, or holding assets or property of the judgment debtor. In that case, if the judgment creditor does not contest the answer, the court may dismiss the writ of garnishment rather than entering judgment against the garnishee.  *See, e.g., Flat Iron Mac Assoc.,* 90 Md. App. at 298, 600 A.2d at 1164 (Dismissing a writ of garnishment where the judgment creditor failed to file a reply).  Unlike a judgment entered against a garnishee, dismissal of the

writ would relieve the garnishee of any obligation to produce after-acquired funds. Further, the garnishment rule does not discuss whether a garnishee that files an answer denying that it possesses any assets of the judgment debtor must supplement its answer if it comes into possession of such assets after the answer is filed, but before the court takes action disposing of the writ.

## **DISCUSSION**

With regard to the writs of garnishment issued to BOA, it seems to me that, at this stage of the garnishment proceedings, the issues between DataQuick and BOA can be resolved without the time and expense of initiating a formal garnishment proceeding.[2] I agree that BOA's answer fails to adequately respond to the writs of garnishment issued for Steele Software and/or Three S because the bank filed one answer in response to two separate writs of garnishment. Likewise, because BOA's answer is incorrectly captioned as "Steele Software v. Three S," it is unclear to which writ of garnishment the bank intended to reply.

Within fourteen (14) days of the entry of this Order, BOA shall amend its answer to respond to each separate writ of garnishment. In doing so, BOA shall supplement its answer to include any credits, assets or property belonging to Steele Software and/or Three S received since the filing of BOA's initial answer. DataQuick's response to these amended answers will be due within seven (7) days thereafter and, if DataQuick objects to BOA's answers, it must state with particularity a good faith reason for its objection. In light of the foregoing, I will recommend that Judge Motz deny BOA's Motion to Dismiss without prejudice. In the event that DataQuick has no objection to BOA's answers, the bank may move

---

[2]Although not required to do so by the Maryland Rules, it is unclear to me why DataQuick and BOA were not able to resolve this dispute informally among themselves.

for judgment and/or resubmit its motion to dismiss the writs at that time, and I will issue a report and recommendation to Judge Motz accordingly.

With regard to the writs of garnishment issued to BB&T, I find that DataQuick's April 12, 2006 correspondence to the Court is sufficient to constitute a reply to BB&T's answers for the purposes of Md. Rule 2-645(g). Md. Rule 2-645(g) does not set forth the form a judgment creditor's reply must take, but instead requires that the judgment creditor file a reply "contesting the answer." *Id*. Given the complicated procedural posture of this case following Steele's petition for bankruptcy, the bankruptcy judge's dismissal of the petition and admonishment to Steele that it had "engaged in forum shopping at its worst," and the difficulty that DataQuick has encountered in obtaining information from Steele Software and Three S during the discovery phase of these proceedings (*see* Paper Nos. 79 and 108), I will treat DataQuick's correspondence as a reply under the garnishment statute. In doing so, I am mindful of the burden that would placed on BB&T as a third party garnishee if it were required to continuously amend its answers to disclose additional credits, assets, or property received from Steele Software or Three S, and will attempt to mitigate that burden as follows:

With regard to the writ issued to BB&T concerning **Steele Software**, I will not require BB&T to amend its answer because the Maryland Rules specifically state that BB&T is not required to do so because it admitted to possessing assets belonging to Steele Software. Md. Rule 2-645(e). I will therefore recommend to Judge Motz that, following the period of time for the parties to file objections under Local Rule 301(5)(b), judgment be entered against BB&T in the amount of $6,413.83, plus any additional assets or property that have come into its possession since the service of the original writ. This will provide DataQuick with access to the amount confessed plus any after-acquired assets.

With regard to the writ of garnishment issued to BB&T regarding **Three S**, I am concerned that dismissing the writ at this time may cause DataQuick to lose access to assets to which it may be entitled by virtue of the fact that they may have been received after BB&T filed its answer. I will therefore order BB&T to amend its answer within fourteen (14) days of the entry of the accompanying Order to disclose any additional assets or property of Three S that have come into its possession since it filed its initial answer to this writ. DataQuick will then have seven (7) days in which to file a formal reply captioned as such. Should DataQuick choose to reply to BB&T's amended answer, it must state with particularity a good faith reason for its objection and the garnishment action will proceed accordingly. In the event that DataQuick has no objection to BB&T's amended answer, BB&T may move for judgment at that time, and I will issue a report and recommendation to Judge Motz accordingly.

A separate Order and Report and Recommendation will be issued in accordance with this Memorandum.

/S/

Paul W. Grimm
United States Magistrate Judge

kmw