**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STEELE SOFTWARE SYSTEMS CORPORATION** | : | |
| Plaintiff/Judgment Debtor | : | CIVIL ACTION NO.: JFM-05-2017 |
| v. | : | |
| **DATAQUICK INFORMATION SYSTEMS, INCORPORATED** | : | |
| | : | |
| Defendant/Judgment Creditor | : | |

*MEMORANDUM OPINION*

This case has been referred to me for garnishment proceedings. Paper No. 60. Since March 2006, Judgment Creditor DataQuick Information Systems, Inc. ("DataQuick") unsuccessfully has sought discovery in aid of execution of its judgment against Judgment Debtor Three S. Delaware, Inc. f/k/a Steele Software Systems Corp. ("Three S"). On August 31, 2006, I held a telephone hearing to address DataQuick's then-pending Motion to Compel the production of documents under Rule 34 (Paper Nos. 79, 96, 112) and Motion to Continue the Deposition of Meneta Steele, a corporate officer of Three S and its predecessor Steele Software (Paper Nos. 108, 115, 118, 119). During that hearing I found that DataQuick had substantially prevailed on both motions and awarded it the attorneys' fees and costs associated with both. *See* Mtn. for Attys. Fees. Ex. 1 at 34, 44 (hearing transcript). In doing so, I instructed counsel for DataQuick to "exercise billing prudence" when submitting their motion for attorneys' fees.

Pending before me are DataQuick's Motion for Attorneys' Fees (Paper No. 132), Three S's Response in Opposition (Paper No. 138), and DataQuick's Reply (Paper No. 156). The motion is

ripe, and for the reasons set forth more fully herein, I will Order attorneys' fees paid to DataQuick in the amount of $14,176.00.

## *DISCUSSION*

DataQuick seeks a total of $15,810.00 in attorneys relating to the discovery motions at issue. This amount includes $ 10,833.00 for the work performed by three (3) attorneys at the Baltimore offices of Venable LLP ("Venable"), whose hourly rates are as follows:

| | |
|---|---|
| James Gray, Partner | $400 per hour |
| Lisa Tancredi, Partner | $280 per hour |
| Jason Rose, Associate | $240 per hour |

DataQuick also seeks $4,977.00 for the work performed by Beverly Johnson, an associate in the Southern California office of Dorsey & Whitney LLP. Ms. Johnson's hourly rate is $395.00.

Three S raises makes two objections to the fees sought by DataQuick. First, Three S asserts that the amount of attorneys' fees attributed to James Gray is overstated by $200.00. According to Three S, Mr. Gray's time entries on August 21st, 23rd, 25th, and 29th were improperly calculated at an hourly rate of $600.00, rather than $400.00. DataQuick does not object to a $200.00 reduction. I have independently reviewed Mr. Gray's time entries and agree that his attorneys' fees are overstated on these dates; however, my review also indicated that the fees for his work on July 31 were understated by $15.00. I will therefore reduce the award of attorneys' fees attributable to the Venable attorneys by $185.00 for a total of $ 10,648.00.

Next, Three S argues that Ms. Johnson's hourly rate of $395.00 is excessive when compared to the hourly rates of comparable attorneys in this jurisdiction. Three S notes that Ms. Johnson's hourly rate is only $5.00 less per hour than Mr. Gray's, despite the fact that Ms. Johnson has been

practicing law for a significantly shorter period of time. Three S also points out that Ms. Johnson, an associate, graduated from law school the same year as Ms. Tancredi, a partner, yet Ms. Tancredi's hourly rate is "only" $280.00 per hour. DataQuick counters that the rates charged by Ms. Johnson's law firm have been held reasonable in other jurisdictions, and that this is the actual rate at which DataQuick is being billed for her time. Counsel for DataQuick also represents that, in accordance with the guidance given by the Court during the telephone hearing, it has exercised billing discretion by seeking reimbursement for only a portion of the hours actually spent during this motions practice,[1] therefore it should be able to recover the hours attributed to Ms. Johnson at her full hourly rate.

The reasonableness of attorneys' fees is subject to an "independent analysis by the court." *See In re Kunstler*, 914 F.2d 505 at 522-23 (4th Cir. 1990)(discussing reasonableness of attorneys' fees under Rule 11). *See also Poole v. Textron, Inc.*, 192 F.R.D. 494, 508 (D.Md. 2000). This analysis requires me to consider both the reasonableness of the hours expended on the work at issue, and the attorneys' hourly rate in comparison to the rates charged "for services of like kind and quality" in the Baltimore legal community. *Poole*, 192 F.R.D. at 508. As previously stated, I have no doubt that counsel for DataQuick has been judicious in submitting the hours spent in conjunction with these discovery disputes, and I appreciate their doing so. Nonetheless, based on my own knowledge of the rates charged in this jurisdiction, as well as the rates charged by Venable itself - as one of the largest and most established law firms in this legal community - I find that the hourly rate of $395.00 for work performed by an attorney of Ms. Johnson's experience is excessive for this jurisdiction. I will therefore award attorneys' fees for Ms. Johnson's work at the $280.00 hourly rate of her

---

[1] In light of the undersigned's experience with fee requests relating to discovery disputes, it is clear that DataQuick's attorneys did exercise billing discretion when submitting their motion for attorneys' fees.

contemporary, Ms. Tancredi, for a total of $3,528.00.

      A separate Order will be issued in accordance with this Memorandum.

                                                                                                                     /S/_____
                                                                 Paul W. Grimm
                                               United States Magistrate Judge

kmw