UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 23, 2009

Memo To Counsel Re: Three S Delaware, Inc. v. DataQuick Information Systems, Inc.
Civil No. JFM-05-2017

Three S Delaware, Inc. v. American Arbitration Association, Inc.
Civil No. JFM-09-51

Dear Counsel:

There are a number of pending motions in these cases. I had hoped to be able to defer ruling upon them until the suit filed against me by Mr. Steele had been resolved. However, in light of the facts that the issues in the latter case have not yet been resolved, and that the motions pending in these cases have become stale, and that the arbitration between Plaintiff and Acxiom Corporation is imminent, I have decided to rule upon the pending motions now. My rulings are as follows:

Civil Action No. 05-2017

Defendant's motion to reopen case and for injunctive relief

The motion is denied as moot because, as stated *infra*, I am withdrawing the reference in the state court action (which defendant has removed to this court) to which the motion is directed, dismissing most of the claims asserted in that action, and deferring ruling on one claim (a defamation claim against James Gray) that arose after this action was concluded.

Plaintiff's motion to vacate judgment confirming, in part, arbitration award

This motion is denied. Plaintiff is seeking through this motion to relitigate the issues that previously have been resolved against it in this action. The doctrine of collateral estoppel prohibits it from doing so. *See generally*, *Ramsay v. U.S. Immigration & Naturalization Serv.,* 14 F.3d 206, 210 (4th Cir. 1994); *International Assoc. of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir. 1975).

Motion to withdraw appearance filed by Brynee K. Baylor

The motion is granted.

Defendant's motion for an order of contempt, for a protective order, and for monetary sanctions

The motion is denied.   Plaintiff represented during the hearing held on September 9, 2009, in *Acxiom Corporation v. Three S. Delaware, Inc.*. Civil No. 09-2058, that it is seeking the transcript of the 2005 DataQuick arbitration for a purpose other than relitigating the issues that have been resolved against Plaintiff in this case.   In light of this representation, the fact that I (and other tribunals) have ruled that Plaintiff is not entitled to obtain the transcript for the purpose of challenging the decision in the 2005 arbitration is immaterial to Plantiff's present effort to obtain the transcript in order to pursue any other claim, as articulated during the September 9th hearing, it may have against Acxiom.   Of course, in denying the motion, I do not intend to suggest that Plaintiff does have a legitimate reason to obtain the transcript of the 2005 arbitration in connection with the Acxiom arbitration.   I am ruling only that it is the responsibility of the arbitrators in the Acxiom arbitration (or any court in which Plaintiff seeks to enforce the subpoena) to decide whether the transcript should be prepared and produced to Plaintiff for use in that arbitration.

Plaintiff's motion for abstention and remand

The Clerk is directed to administratively close the motion in this case and to redocket it in Civil No. 09-51.

Civil Action No. 09-51

Defendant's motion for withdrawal of reference

The motion is granted.   In light of my knowledge of the issues presented in this litigation, it obviously is in the efficient administration of justice that I, rather than the bankruptcy court, resolve the issues presented in that case.

Defendant's motion for an order of contempt, for a protective order, and for monetary sanctions

The motion is denied for the reasons I have previously stated.

Motion to withdraw appearance filed by Brynee K. Baylor

The motion is granted.

Motion for abstention and remand (redocketed in this case pursuant to the ruling I made above)

The motion is granted in part.   Removal was proper in light of the fact that Three S's bankruptcy proceeding was pending at the time of removal.   Moreover, it is appropriate for this court to decide the issues in this action since all of plaintiff's claims, other than Mr. Steele's claim against Mr. Gray for defamation, are barred by the doctrine of collateral estoppel.

The claim against Mr. Gray apparently arose after the prior litigation had ended, and it is

therefore may not be barred by the doctrine of collateral estoppel. In that event, I will remand that claim to the Circuit Court for Baltimore City.   If counsel for Mr. Gray contend that such a remand is inappropriate, they may file a supplemental memorandum on the point on or before October 9, 2009.   Three S may respond to any such memorandum on or before October 23, 2009.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge